IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 99-cv-00308-WDM-PAC

KEVIN CHARLES GWINN,

      Plaintiff,

v.

JERRY AWMILLER, *et al.,*

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Patricia A. Coan, United States Magistrate Judge**

      This case is on remand from the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"). Defendants filed a Motion for Summary Judgment on February 4, 2005 and plaintiff filed his Opening Brief on the same date. Plaintiff filed his response to the Motion for Summary Judgment on March 4, 2005. Defendants did not respond to the plaintiff's Opening Brief. Judge Miller referred the case to me after remand on February 6, 2004 and for recommended disposition on February 8, 2005. I held a hearing on the subject pleadings on August 24, 2005 and took the matters under advisement at that time.

<u>Background</u>

      Plaintiff filed his *pro se* complaint on February 17, 1999 while incarcerated at the Fremont Correctional Facility. On September 6, 2000, my Recommendation was to dismiss his First and Eighth Amendment claims, and to grant summary judgment in

favor of defendants on all other claims (except his Fourteenth Amendment due process claim[1]).   On October 12, 2000, Judge Miller adopted the Recommendation and dismissed the case.  Plaintiff then appealed to the Tenth Circuit.  In *Gwinn v. Awmiller*, 354 F.3d 1211 (10th Cir. 2004), the Tenth Circuit affirmed the entry of summary judgment in favor of defendants on all claims except plaintiff's due process claim concerning his classification as a sex offender upon his release from incarceration in March 1995.  354 F.3d at 1229.

The Tenth Circuit remanded to the district court to determine six issues regarding plaintiff's post-incarceration registration as a sex offender in March 1995: (1) whether Mr. Gwinn was required to register as a sexual offender upon his release from prison; if so, (2) what provisions of Colorado law were invoked to justify the registration; (3) what specific obligations any such registration imposed upon Mr. Gwinn (included in this issue was the directive to make a determination regarding which defendants, if any, were responsible for the registration) 354 F.3d at 1224; (4) whether any of the defendants were responsible for the registration;  (5) whether the registration requirements implicated a liberty interest by significantly altering Mr. Gwinn's status as a matter of law,[2] and, if so, (6) whether Mr. Gwinn was afforded the procedural protections due process requires.

---

[1] I recommended dismissing this claim without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994), see *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

[2] The Tenth Circuit referred specifically to *Paul v. Davis*, 424 U.S. 693, 710-11 (1976).  354 F.3d at 1224.

*Id.*[3]

I entered an order for appointment of counsel on March 11, 2004. Megan Curtiss entered her appearance on behalf of plaintiff on April 7, and David Lane entered his appearance on April 23, 2004. The defendants' Motion for Summary Judgment, and the plaintiff's Opening Brief are directed to the due process claim.

Defendants' Motion for Summary Judgment

Defendants[4] present two arguments in their motion for summary judgment: that there is no evidence to show that any defendant ordered plaintiff to register as a sex offender as a requirement of parole in March of 1995; and that if defendant Linda Fischer, who was plaintiff's parole officer, did require plaintiff to so register, she is entitled to qualified immunity.

*1. Whether Fischer Required Plaintiff to Register as a Sex Offender and Remand Issues 1,2, and 3*

In support of their first argument, defendants submitted their exhibit A-5, which is a copy of a fax transmission cover sheet from Detective Richard Schneider to Megan Curtiss, plaintiff's counsel, with a handwritten comment by Detective Schneider stating that he believed Gwinn was not required to register as a sex offender after his March 1995 release. On April 4, 2005, after an evidentiary hearing, I ordered exhibit A-5

---

[3]The matters referred in Judge Miller's February 6, 2004 Special Order of Reference are substantially the same as those set forth by the Tenth Circuit in the remand.

[4]Defendants (names unspecified) filed their motion for summary judgment, but it is apparent that the only defendant mentioned in reference to the remaining due process claim is Linda Fischer, who was plaintiff's parole officer upon his release from prison in March 1995.

stricken.[5]    The document that shows that Gwinn was required to register as a sex

offender is plaintiff's exhibit 5 to his Opening Brief. Plaintiff's exhibit 5 is a copy of a form

entitled "Sex Offender Registration - Delete From Registry," which is dated November 30,

2000. In the blank following "Date of Original Registration," the date "3-3-95" is written.

*See* Pl. Opening Brief, Ex. 5.    The only conclusion I can make from reviewing the

document is that Gwinn was required to register as a sex offender on March 3, 1995, and

was deleted from the registry on or about November 30, 2000. Defendants have offered

no competent evidence to rebut plaintiff's exhibit 5.

At oral argument on August 24, 2005, defendants conceded that plaintiff was in

fact registered as a sex offender on March 3, 1995. Moreover, while Fischer cannot recall

ordering plaintiff to register himself as a sex offender, it is inconceivable that plaintiff, who

had not been convicted of a sexual offense,  would have registered unless he was

required by someone- such as his parole officer- to do so. Defendants have failed to

demonstrate that plaintiff was not required to register as a sex offender.

The second remand issue from the Tenth Circuit[6] directed the district court to

examine which provisions of Colorado law were invoked to justify plaintiff's registration

---

[5]I struck Exhibit A-5 after hearing evidence on the fax cover sheet and reviewing plaintiff's exhibit 11 to his Response to Defendants' Motion for Summary Judgment [filed March 7, 2005] which is a copy of the same fax cover sheet from Det. Schneider but without the comment that he believed that  Gwinn was not required to register as a sex offender. *See* April 4, 2005 Order. My decision to strike defendants' exhibit was upheld by Judge Miller on April 19, 2005.

[6]I examine this point, even though it is not technically a ground for defendants' motion for summary judgment, because the issue is inextricably linked with the question of whether plaintiff was required to register and because it was part of the briefing and oral argument heard by the court.

4

as a sex offender. Defendants state that "the only provision of Colorado law that required sex offender registration in 1995  was Colo. Rev. Stat. §18-3-412.5, which required a *conviction* of an offense involving unlawful sexual behavior" (emphasis added). Defendants' brief in support of summary judgment at 8. The pleadings and statements of the parties at the August 24, 2005 hearing confirm that plaintiff has never been convicted of a sex offense, so that §18-3-412.5 would not have applied to him. Indeed, in 1995, there was no state law which would have required plaintiff to register as a sex offender.

As described in *Gwinn*, 354 F.3d at 1221, plaintiff had been classified as a sex offender by Colorado Department of Corrections (CDOC) officials and previously had been required to participate in sex offender treatment programs.  Ms. Fischer, as plaintiff's parole officer, was undoubtedly aware of his CDOC classification. However, neither the state sex offender registration statute, nor Gwinn's parole agreement required him to register as a sex offender.  *See* plaintiff's parole agreement, exhibit A-3 to defendants' brief in support of summary judgment.

Fischer could not recall what she told plaintiff[7] at their first meeting on March 2, 1995, the day after he was released from CDOC custody, but Fischer probably required Gwinn, under the threat of parole revocation for failure to comply, to register as a sex offender on the following day. It is not only undisputed that Gwinn registered as a sex offender on March 3, 1995, but Gwinn avers that Fischer also informed him that he could

---

[7]Defendant Linda Fischer's Answer to Plaintiff's First Set of Interrogatories and Request for Production of Documents, plaintiff's exhibit 13 to his response to defendants' Motion for Summary Judgment, at 2-4.

not continue living with his sister and her three-year-old daughter.   *See* plaintiff's amended affidavit, submitted February 18, 2005. Defendants have proffered no evidence to the contrary.

Accordingly, I recommend that defendants' motion for summary judgment be denied on the first ground - that plaintiff was not required to register as a sex offender.

*2. Whether Fischer is Entitled to Qualified Immunity and Remand Issues 3 & 4*

Defendants next move for summary judgment arguing that defendant Fischer is entitled to qualified immunity.   When a public official raises the defense of qualified immunity, the plaintiff first must establish that the complained of conduct constitutes a violation of a constitutional or statutory right.   *See Smith v. Cochran*, 339 F.3d 1205, 1211 (10th Cir. 2003)(internal citation omitted).

In *Gwinn*, the Tenth Circuit identified plaintiff's constitutional right, stating that he had "sufficiently alleged that his classification as a sex offender outside the prison walls implicated a liberty interest."   354 F.3d at 1223-24.   The Circuit panel further held that under *Paul v. Davis,*[8] plaintiff had made sufficient allegations to meet the "stigma-plus" standard by alleging that (1) the government made a false statement about him - that he was a sex offender - which is sufficiently derogatory to injure his reputation; and (2) he experienced a governmentally imposed burden that significantly altered his status as a matter of state law, in that he was required to register, and endured the ramifications of registration as a sex offender. These ramifications resulted from the obligations (relating

---

[8] 424 U.S. at 710-11.

to remand issue 3), imposed on him by his registration as a sex offender, which precluded him from residing with his sister and niece and from participating in the Cenikor drug treatment program, and which hampered his ability to find employment. *See* plaintiff's exhibits 3 (Gwinn's affidavit) and 4 (Gwinn's response to interrogatories) to his brief in response to defendants' Motion for Summary Judgment. Because the Tenth Circuit has already held that plaintiff sufficiently stated a constitutional violation, I now turn to whether plaintiff's parole officer may be entitled to qualified immunity because she lacked the guidance of "clearly established law."

Defendants argue that Fischer is entitled to qualified immunity because "there was no clearly established law forbidding this type of conduct in the Tenth Circuit in 1995." Defendants' brief in support at 10. "If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability, or even the burdens of litigation." *Brosseau v. Hagen*, 543 U.S. ___, 125 S.C. 596, 599 (2004). The Supreme Court also has held that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Defendants argue that Fischer is entitled to qualified immunity because plaintiff has not proven that Fischer knew or reasonably should have known that her action requiring Gwinn to register as a sex offender would violate his constitutional rights. *See* defendants' brief at 8-9, citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). As noted above, the constitutional question in this case is governed by principles enunciated in *Paul*, 424 U.S. at 710-11, namely the "stigma-plus" test, adopted by the Tenth Circuit in

*Gwinn.*

There is no dispute that Gwinn was registered as a sex offender on March 3, 1995. Fischer has stated in discovery responses that she has no recollection of imposing such a requirement. *See* Fischer's Answer to Plaintiff's First Set of Interrogatories and Request for Production of Documents, plaintiff's exhibit 13 to his response to defendants' Motion for Summary Judgment. From the evidence presented, however, it is clear that plaintiff would not have voluntarily registered himself as a sex offender. Gwinn's unrebutted February 18, 2005 amended affidavit supports a finding that Gwinn was required to register as a sex offender after he was ordered to do so by defendant Fischer, his parole officer.

The issue is whether an objectively reasonable parole officer would have known or understood that her action in March 1995 requiring a parolee to register as a sex offender when neither the state statute nor the parole agreement required such registration, and that the parolee would not be given an opportunity to contest the registration, was unreasonable and in violation of the parolee's due process rights. Here, plaintiff had the right to freedom from the "stigma and hardships" of a sex offender conviction. Registration in 1995 under Colorado's registration statute branded Gwinn as a sex offender. That branding altered his status as did the directive that he could not live with his sister and her three-year-old child. As the Court said in *Paul v. Davis*:

> It is apparent from our decisions that there exists a variety of interests which are difficult of definition but are nevertheless comprehended within the meaning of either "liberty" or "property" as meant in the Due Process Clause. These interests attain this constitutional status by virtue of the fact that they have been initially recognized and protected by state law, and we

have repeatedly ruled that the procedural guarantees of the Fourteenth Amendment apply whenever the State seeks to remove or significantly alter that protected status.

*Paul,* 424 U.S. at 710-711 (citation omitted). There is nothing reasonable about Fischer ordering Gwinn to register when there was no law requiring him, a parolee who had never been convicted of a sexual offense, to register as a sex offender. A parole officer acting reasonably would have realized her registration order violated Gwinn's right not to be deprived of his good name or his right to familial association without due process. Thus, on the limited question of entitlement to qualified immunity, the law was clearly established and Fischer cannot claim qualified immunity. I recommend finding that defendants have not met their burden of establishing that the law was not clearly established.

I also recommend finding that plaintiff has adequately shown that Gwinn's registration as a sex offender violated his constitutional right to due process under the *Paul v. Davis* "stigma-plus" standard. Specifically, by requiring plaintiff to register as a sex offender, the government made a false statement that plaintiff was a convicted sex offender. *See* "Sex Offender Registration - Delete From Registry" form, exhibit 5 to Plaintiff's Opening Brief. The consequences of plaintiff's registration and the false statement that he was a convicted sex offender, along with Fischer's directive that plaintiff not reside with his sister and her three-year-old daughter because of his sex offender registration, demonstrate that plaintiff's status was altered as a matter of state law, and

that plaintiff has met the remainder of the "stigma-plus" test.[9]

When Fischer informed plaintiff that he could not continue to reside with his sister and young niece due to his registration as a sex offender, plaintiff's status was altered as a matter of state law.  The Supreme Court has recognized a right of association with two distinct components - an individual's right to associate with others in intimate relationships and a right to associate with others for purposes of engaging in activities traditionally protected by the First Amendment.  See *Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984).  The source of the intimate association right has not been authoritatively determined, but may be a component of the Due Process Clause (as suggested in *Roberts*, *id.* at 618-19).[10]  It is not necessary to identify here the precise aspects of plaintiff's right of association which were offended when Fischer ordered him to find other living arrangements because of his sex offender registration.  It is sufficient for purposes of the qualified immunity determination and remand issue number five that plaintiff has sufficiently established  his showing under the "stigma-plus" test.

Finally, I recommend finding that there is no evidence of any mechanism for plaintiff to have challenged his registration as a sex offender, and he was therefore not

---

[9]I do not consider here the other "plus" factors which plaintiff alleges to have suffered as a result of his registration, which include the obligation to inform the Cenikor substance abuse treatment program and any prospective employers of his sex offender registration.

[10]In a later case, the Supreme Court cited the First Amendment as a source of the two aspects of the right of association (intimate and expressive).  *City of Dallas v. Stanglin*, 490 U.S. 19, 23-24 (1989).  See also *Lyng v. UAW*, 485 U.S. 360, 364-66 (1988) (considering both associational (family) rights and expressive rights under the First Amendment).

afforded due process.[11]

I recommend concluding that defendants have not met their burden of establishing that defendant Fischer is entitled to qualified immunity because there is no showing that her actions were consistent with those of an objectively reasonable parole officer not acting in violation of a parolee's due process rights, and because plaintiff has adequately demonstrated that he meets the *Paul v. Davis* "stigma-plus" requirements which apply to his due process claim.  Accordingly, I recommend that defendants' Motion for Summary Judgment be denied.

## Recommendation

For the reasons stated, it is **RECOMMENDED** that defendants' Motion for Summary Judgment [filed February 4, 2005, doc. # 138] be **denied** in its entirety.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Failure to make timely objections to the**

---

[11]This would involve an analysis of "what process is due to a person who has been released from prison and has never been convicted of a sex offense before that person may be properly required to register as a sex offender."  *Gwinn*, 354 F.3d at 1224 n.8.

**magistrate judge's recommendation may result in a waiver of the right to appeal**

**from a judgment of the district court based on the findings and recommendations**

**of the magistrate judge.**

Dated this 8th day of September, 2005.  BY THE COURT:

s/ Patricia A. Coan

PATRICIA A. COAN, Magistrate Judge